UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRIS J. KLAGES,

        Plaintiff,

    v.

STANDARD INSURANCE COMPANY,

        Defendant.

No. CV-07-5051-FVS

ORDER GRANTING AND DENYING SUMMARY JUDGMENT

**THIS MATTER** comes before the Court based upon cross motions for summary judgment. Chris J. Klages is represented by Ray R. Whitlow. Standard Insurance Company is represented by Katherine S. Somervell and Gail r. Manuguid.

**BACKGROUND**

Chris Klages began working for Pay Plus Benefits, Inc., on November 12, 2001. On January 13, 2004, she ceased reporting for work based upon symptoms associated with cubital tunnel syndrome and carpal tunnel syndrome. She had four surgeries on her arms during 2004. Moreover, for a number of reasons, she began seeing a mental health professional. On September 22, 2004, she applied for long-term disability benefits under a plan issued and administered by Standard Insurance Company. Standard granted her application retroactive to April 13th; explaining it would pay long-term disability benefits for two years, *i.e.*, from April 13, 2004, until April 12, 2006. At the

ORDER GRANTING AND DENYING SUMMARY JUDGMENT - 1

end of the two-year period, explained Standard, she would have to satisfy a more demanding standard in order to continue receiving disability benefits.  She would have to show she is unable to perform any occupation.  During 2005 and 2006, Ms. Klages continued to see health care providers.  She received treatment for arthritis and degenerative disk disease.  As April 16, 2006, approached, Standard arranged for consultants to review Ms. Klages' records.  Two decided she is capable of performing either sedentary or light work.  On June 5, 2006, Standard terminated long-term disability benefits.  She saw a number of health care providers during the Summer and Fall of 2006.  One physician concluded she is incapable of gainful employment.  A vocational counselor concluded there is no demand in the area in which she lives for an employee with her limitations.  Ms. Klages appealed Standard's decision to deny benefits.  The company upheld its decision.  As was her contractual right, she sought additional administrative review.  In support of her second appeal, she submitted a report from the mental health professional whom she had seen during 2004.  Among other things, the mental health professional indicated Ms. Klages suffers from depression, agoraphobia, and recurrent panic attacks.  In the opinion of the mental health professional, "The combination of mental and physical illness makes it impossible [for her] to be employed at this time."  The policy at issue in this case provides Standard will not pay benefits beyond two years if the disability was "caused or contributed to by a Mental Disorder[.]"  The term "Mental Disorder" includes depression and related conditions.

ORDER GRANTING AND DENYING SUMMARY JUDGMENT - 2

Given this limitation, Standard asked a psychiatrist to review Ms. Klages' file. The psychiatrist concluded that, as early as January 13, 2004 (*i.e.*, the date she ceased reporting for work), Ms. Klages' ability to perform her job was impaired to some extent by depression. In the psychiatrist's opinion, little had changed. If anything, she was losing ground. On June 5, 2007, Standard denied Ms. Klages' final appeal. As one of its reasons for its decision, Standard cited Ms. Klages' depression. Since, in Standard's opinion, her inability to perform an occupation was, in part, a function of a Mental Disorder, she was entitled to no more than the 24 months of disability benefits the company had already paid her. Ms. Klages filed an action in state court seeking disability benefits. Standard removed the matter. Ms. Klages' request for relief is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Court has original jurisdiction under 28 U.S.C. § 1441(a) and 29 U.S.C. § 1132(e).

**STANDARD OF REVIEW**

Ms. Klages acknowledges the policy confers discretion upon the administrator to make benefits decisions. However, as she points out, Standard both administers the plan and pays the benefits. Consequently, Standard profits each time it refuses to pay benefits beyond the initial two-year period. The fact Standard profits from denying benefits means it has a conflict of interest. *See Metropolitan Life Insurance Co. v. Glenn*, --- U.S. ----, ----, 128 S.Ct. 2343, 2348, 171 L.Ed.2d 299 (2008) (employer administered plan

and paid benefits). The Court must consider the existence of a conflict of interest in determining whether Standard abused its discretion by terminating disability benefits. *Id.* at ----, 128 S.Ct. at 2350-52.

**RULING**

Ms. Klages and Standard filed cross motions for summary judgment. In her opening memorandum, Ms. Klages conceded she suffers from depression and her depression is a significant factor in her inability to perform any occupation. She had no choice but to make this concession. A reasonable jury would be unable to make any other determination. In view of her explicit recognition of her depression and its impact upon her ability to work, Standard did not abuse its discretion by terminating disability benefits.

**IT IS HEREBY ORDERED:**

1. Chris Klages' motion for summary judgment (**Ct. Rec. 31**) is denied.

2. Standard Insurance Company's motion for summary judgment (**Ct. Rec. 35**) is granted. Ms. Klages' claims against Standard Insurance Company are dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close the case.

**DATED** this ___4th___ day of November, 2008.

                                  s/Fred Van Sickle
                                  Fred Van Sickle
                      Senior United States District Judge

ORDER GRANTING AND DENYING SUMMARY JUDGMENT - 4